## Patrick Hannigan, Appellant, v. Chicago Motor Coach Company, Appellee.

### Gen. No. 45,421.

Opinion filed December 8, 1952.
Released for publication December 23, 1952.

JAMES A. DOOLEY, of Chicago, for appellant.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for appellee; GEORGE F. BARRETT, MARION J. HANNIGAN, and EDWARD WOLFE, all of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

Patrick Hannigan filed an amended complaint in the circuit court of Cook county against the Chicago Motor Coach Company to recover damages for personal injuries sustained by him when struck by defendant's bus on March 31, 1947, while he was in the performance of his duties as a Chicago Park District policeman. Defendant's answer was in the nature of a general denial. It also filed an affirmative defense alleging in substance that it and the Chicago Park District (plaintiff's employer) and their employees were working

under and bound by the provisions of the Workmen's Compensation Act; that plaintiff's injuries arose out of and in the course of his employment; and that by reason thereof he was barred under section 29 of that Act [Ill. Rev. Stats. 1949, ch. 48, par. 166; Jones Ill. Stats. Ann. 143.44] from maintaining the action against defendant. Plaintiff's motion to strike the part of the answer containing the affirmative defense was denied. He also filed a reply denying the allegations of the affirmative defense and stating that at the time and place alleged he was not an employee of the Chicago Park District. A verdict was returned finding the defendant guilty and assessing plaintiff's damages at $50,000. Defendant's motion for a judgment notwithstanding the verdict was sustained and its motion for a new trial was denied. The trial judge was of the opinion that at the time of the occurrence plaintiff was ''an employee'' and not an ''officer'' of the Chicago Park District, and that plaintiff's cause of action was barred by the provisions of section 29 of the Workmen's Compensation Act. Plaintiff appealed.

While the appeal was pending, our Supreme Court in *Grasse v. Dealer's Transport Co.*, 412 Ill. 179, decided that the first paragraph of section 29 of the Workmen's Compensation Act is unconstitutional. Subsequent to the filing of that opinion the parties filed supplemental briefs in this court setting forth their respective contentions as to the applicability of the *Grasse* case to the facts and the law of the instant case. We assume, as defendant contends, that plaintiff's employer, the Chicago Park District, elected to be bound by the provisions of the Workmen's Compensation Act. Defendant maintains that the decision in the *Grasse* case has no application to the facts in the instant case, that it was ''grounded solely upon the constitutionality of Section 29 where the employer, its

476

employee and negligent third party were compulsorily bound by the provisions of the Act," that the court did not consider the constitutionality of that section as applied to the employer and employee where both had elected to become bound by the Act, and that the decision is not decisive of the issue in the instant case. Defendant also states that the first opinion in the *Grasse* case was substantially modified so as to hold in substance that section 29 of the Workmen's Compensation Act was unconstitutional "only in so far as it purported to bar the action of the employee against a negligent third party, also under the Act, only where the plaintiff and his employer were automatically bound by the Act" and that the effect of the opinion, as modified, was to reaffirm the prior holdings that section 29 "was not unconstitutional" insofar as it purported to bar the common-law action of the injured employee against a third party (also under the Workmen's Compensation Act) where the employer and the injured employee had elected to be bound by the Act.

We are of the opinion that the *Grasse* case struck down the first paragraph of section 29 of the Workmen's Compensation Act as unconstitutional without limiting the scope of its ruling to cases where the "other person" was bound by the Act under section 3 [Ill. Rev. Stats. 1949, ch. 48, par. 139; Jones Ill. Stats. Ann. 143.18] thereof. We do not believe that the Supreme Court intended to distinguish between those who elect to be bound by the Act and those compulsorily bound by it. The court announced that in determining whether the trial court erred in sustaining the constitutionality of the first paragraph of section 29, it would consider whether the precise constitutional question had been adjudged by that court in a binding precedent and analyze the terms and construction of the statute to ascertain whether the classifications pro-

vided therein violated any of the guarantees of the federal and state constitutions. It determined that the constitutionality of that paragraph had neither been adjudicated nor challenged on the grounds urged by the plaintiff therein and that it was incumbent upon the court for the first time to determine the constitutional issue. The opinion states that in adjudging the constitutionality of the controverted paragraph the court was not concerned with the wisdom of the statute, that the paragraph effects an arbitrary classification of tort-feasors whereby one class is granted immunity from liability for negligence solely on the basis that "he is automatically bound by the Act by virtue of Section 3," and that the fact that the tort-feasor may be an employer who is required to pay compensation to his own employees, or may be an employee who would be entitled to compensation from his employer, is no justification for exempting such tort-feasor from liability for injuries inflicted upon other persons with whom he has no contractual relationship.

 Calling attention to the firmly established doctrine in the field of constitutional law that a court will ordinarily inquire into the constitutionality of a statute only to the extent required by the case before it, and will not formulate a rule broader than that necessitated by the precise situation in question, the Supreme Court in the *Grasse* case said (201):

"The issue before the court herein is whether the first paragraph of section 29, which deprives an employee under the act, injured in the course of his employment by a third party tort-feasor compulsorily bound by the act, of a common-law action for damages against such tort-feasor, and transfers the employee's cause of action to his employer, effects arbitrary classifications in violation of the Federal and Illinois constitutions. We have found that this provision offends the aforementioned constitutional doctrine."

Plaintiff is an employee under the Act who was injured in the course of his employment by a third-party tort-feasor compulsorily bound by the Act, namely, defendant. The defendant is "compulsorily bound by the Act." It is our view under the holding in the *Grasse* case that plaintiff has a right to maintain his common-law action against defendant whether he and his employer, Chicago Park District, became bound by the Act through election or compulsion.

 Defendant urges that plaintiff is not in a position to urge the constitutionality of paragraph 1 of section 29 because the question was not raised in the trial court. Once a statute is declared unconstitutional it is void *ab initio*. No rights can be predicated upon it, nor can it afford any protection. It is as if it had never been written. It is our duty to recognize and follow the decisions of the Supreme Court. The constitutional question was raised in the *Grasse* case and we feel that we should follow the law as laid down in that case. It is true that the constitutionality of the first paragraph of section 29 was not urged in the trial court. We are not given the power to pass upon the constitutionality of statutes and we are not called upon to do so. We are recognizing that what the Supreme Court said in the *Grasse* case is the law of the land and applying it to the instant case.

 Defendant says that if we find that the trial court properly entered judgment notwithstanding the verdict that we should, in reversing the judgment, remand the cause with directions to grant a new trial, and argues that the plaintiff was guilty of contributory negligence, that the defendant was not guilty of negligence which was the proximate cause of plaintiff's injuries and that the trial court erred in refusing to hold that the verdict was against the manifest weight of the evidence. There was evidence that plaintiff, a police officer, was standing on the west side of Sheri-

dan Road about 15 to 20 feet south of the traffic light on the northwest corner of Berwyn Avenue and Sheridan Road; that he saw the traffic light (controlling north and southbound traffic) changing to red; that the face of this light shows the same color both north and south; that at the time defendant's bus was 50 to 60 feet away plaintiff blew two whistles for traffic to stop and then walked out 5 or 6 feet into Sheridan Road; and that he put up his hand to stop northbound traffic, saw something was about to hit him and turned his head around when he was hit by the motor coach moving south. The testimony of plaintiff is corroborated by that of Walter L. Emmerson, an attorney, who was driving his automobile in a northerly direction on Sheridan Road at the time of the occurrence. Testimony was introduced by defendant tending to show that the proximate cause of plaintiff's injuries was his own negligence in walking out into the street without observing the movements of the motor coach which he knew was approaching him less than 60 feet away, and that the injuries sustained by plaintiff were not proximately caused by or through any negligence on behalf of the defendant or its driver. The general rule is that negligence and contributory negligence are questions of fact for the jury. Before we can say, as a matter of law, that there was no negligence on the part of the defendant or that there was such contributory negligence on the part of plaintiff as to defeat recovery, we should be able to say that all reasonable minds must agree that the defendant was not negligent or that the injury was the result of plaintiff's own negligence. *Petro v. Hines,* 299 Ill. 236; *Thomason v. Chicago Motor Coach Co.,* 292 Ill. App. 104. The jury resolved these issues of fact in favor of plaintiff. That was within their province. There was competent evidence to sustain the findings. We cannot say that the verdict is against the manifest weight of the evidence.

The judgment of the circuit court of Cook county is reversed and the cause remanded with directions to enter judgment on the verdict.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J. and NIEMEYER, J., concur.