FRED DEAN, d/b/a Dean Masonry, Plaintiff-Appellee, *v.* JAMES S. RUTHERFORD *et al.*, Defendants-Appellants.

Fourth District   No. 13901

Opinion filed June 13, 1977.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur (David A. Dvorak, of counsel), for appellants.

Frank H. Byers, of Decatur, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff Fred Dean, d/b/a Dean Mansonry, brought suit against defendants James S. Rutherford and Dorothy Rutherford seeking to foreclose a mechanics' lien against defendants' residence premises for work done in the construction of three brick and masonry fireplaces, the repair of a fourth fireplace and the partial enclosure of the range and stove area in the kitchen. Defendants counterclaimed alleging in count I that plaintiff failed to fulfill his contract because he did not perform the masonry construction in a workmanlike manner and alleging in count II that plaintiff breached an express warranty that he would perform the

work in a superior manner and that construction would be suitable and reasonably fit for the use intended. Both counts of the counterclaim alleged that defendants were damaged to the extent of $4100 because of the aforesaid breaches by the plaintiff.

After a bench trial, the court ruled in favor of the plaintiff on both the complaint and the counterclaim, finding the plaintiff was entitled to a lien in the sum of $2,156.20 plus interest from October 31, 1972, to May 10, 1976, and for costs of suit. The court entered judgment in that amount and ordered a foreclosure of the lien and sale of the premises to satisfy the judgment. Defendants appeal.

The evidence showed that upon use of the fireplace in the living room smoke came out of the joists in the ceiling and around the firebrick and that the fireplace in the bedroom would not draw. Defendant testified that he did not use the fireplaces because of the smoke and that plaintiff refused to make corrections. The trial court ruled, however, that since the oral contract between plaintiff and defendants provided that defendants would furnish the materials and that plaintiff would be compensated on an hourly basis, no warranties that the construction would be performed in a workmanlike manner were created. Accordingly, the trial court did not determine the extent of the inadequacies of the fireplaces or their cause.

The parties do not dispute that defendants agreed to furnish the materials and to pay plaintiff for work performed on an hourly basis with one rate for the work performed by bricklayers and a lesser rate for work performed by hodcarriers. The evidence also showed that defendant James S. Rutherford furnished plaintiff with sketches as to how he wanted the face of the fireplaces to appear and that he gave certain directions for the performance of the work from time to time. On the other hand, plaintiff represented to defendants that he had great skill in the construction of fireplaces and admitted at trial that he "guaranteed" the work. The evidence also showed that despite occasional directions by defendant James S. Rutherford, the general supervision of the various workmen on the job was conducted by plaintiff and that they were his employees.

■■ Courts applying Illinois law have held that one who contracts to perform construction work impliedly warrants to do the work in a reasonably workmanlike manner. (*Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co.* (7th Cir. 1940), 111 F.2d 875; *Springdale Cemetery Association v. Smith* (1863), 32 Ill. 252.) The failure of a contractor to substantially perform the contract in a workmanlike manner entitles the owner against whom a mechanics' lien is sought to a setoff for damages incurred by the failure to perform in a workmanlike manner. (*Gottschalk Construction Co. v. Carlson* (1929), 253 Ill. App. 520.) The

cases have not set forth the exact nature of the relationship between the person performing the construction and the landowner which is required in order to give rise to an implied warranty as to workmanship. It has been stated that "as a general rule, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently and in a workmanlike manner." (17 Am. Jur. 2d *Contracts* § 371, at 814 (1964).) No Illinois case has gone that far.

■■ The legislation under which plaintiff seeks to recover defines the term "contractor" to include one "who shall by any contract * * *, with the owner of a lot * * * to improve the lot * * *, furnish or perform labor or services * * *" (Ill. Rev. Stat. 1975, ch. 82, par. 1). We do not consider the ordinary rules which determine whether one is an independent contractor or servant to be fully applicable. We rule that where, as here, a person represents to another his particular skill in performing construction, states that his work is guaranteed and lays bricks himself and directs the laying of bricks by others, he warrants that the work done by him and by others at his direction will be done in a reasonably workmanlike manner. We find the determination of the trial court that no warranties were created to be error.

Accordingly, we reverse the order from which appeal was taken and remand the case for a new trial. At that trial, the court should allow setoff or counterclaim for any lack of reasonable workmanship in the construction for which plaintiff is responsible. Plaintiff would not be responsible for any defects that arose because of the quality of material furnished by defendants or because of defendants' directions or plans.

■■ Defendants also complain that the legislation providing for a mechanics' lien (Ill. Rev. Stat. 1975, ch. 82, pars. 1 to 39) is violative of the due process clause of the fourteenth amendment. This point is raised for the first time on appeal. Unless the unconstitutionality of the statute would deprive the court of jurisdiction, the question cannot be raised for the first time on appeal (*People v. Amerman* (1971) 50 Ill. 2d 196, 279 N.E.2d 353) except in cases where the statute has been declared unconstitutional pending appeal (*Hannigan v. Chicago Motor Coach Co.* (1952), 348 Ill. App. 473, 109 N.E.2d 381; *Quitman v. Chicago Transit Authority* (1952), 348 Ill. App. 481, 109 N.E.2d 373). No declaration has been made that the Illinois statute is unconstitutional. Furthermore, the unconstitutionality claimed by defendants concerns the validity of the lien prior to hearing and would not affect the validity of a decree for sale entered after notice to interested parties and a hearing as is involved here.

■■ Most of the other errors claimed concern the court's refusal to admit evidence concerning alleged breaches of warranty of workmanship. Our ruling that warranties were made by plaintiff disposes

of those questions. The court properly refused to admit certain building code regulations that were not applicable to agricultural land such as defendants'. They were not relevant even as a standard.

Since defendant Dorothy Rutherford is now deceased, her personal representative should be joined.

For the reasons stated, the case is reversed and remanded for a new trial.

Reversed and remanded.

CRAVEN, P. J., and KASSERMAN, J., concur.