ROCCO FILIPPONIO *et al.*, Plaintiffs, *v.* RONALD BAILITZ *et al.*, Defendants and Third-Party Plaintiffs-Appellants.—(JOHN KATAKIS *et al.*, Third-Party Defendants-Appellees.)

First District (4th Division)   No. 76-1672

Opinion filed July 13, 1978.—Rehearing denied July 18, 1979.

Eugene P. Meegan, of Chicago, for appellants.

Thomas D. Fazioli, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiffs, Rocco and Dawn Filipponio (second buyers), sued defendants and third-party plaintiffs, Ronald and Helen Bailitz (first buyers), in the underlying action for damages arising out of alleged fraudulent representations regarding flooding made in connection with the sale of the subject residential property. The first buyers filed a third-party complaint for indemnification (Ill. Rev. Stat. 1973, ch. 110, par. 25), to recover from third-party defendants, John and Elaine Katakis (original owners), damages in the amount of the second buyer's claim against them. On appeal from the entry of summary judgment in favor of the original owners, the first buyers contend that the trial court erred in entering summary judgment because genuine issues of fact existed.

We affirm the decision of the trial court.

The second buyers filed a complaint against the first buyers alleging that they purchased property from the first buyers in February 1973 in reliance on the first buyers' representation that the home was not subject to flooding. The complaint further alleged that the representation was untrue, that the home did flood, resulting in damage to the second buyers in the amount of $10,000. The first buyers answered the complaint, denying that a fraudulent representation had been made to the second buyers.

After being given leave of court, the first buyers filed an amended third-party complaint against the original owners of the property. Count I of the amended third-party complaint alleged that the first buyers purchased the subject property from the original owners in November 1970, in reliance on the original owners' representation that the property was not subject to flooding. Count I also alleged that the representation was untrue and known by the original owners to be false, that the first buyers were compelled to spend large sums of money to make the premises habitable, and that because of flooding the first buyers had been sued by the second buyers in the underlying action for $10,000. The first buyers asked for damages in the amount of $10,000. Count II of the amended third-party complaint, which alleged a claim based on implied warranty of habitability, was voluntarily dismissed and is not in issue on appeal. After the original owners' motion to dismiss the amended complaint was denied, they answered, denying the material allegations and again asking that the third-party complaint be dismissed.

In response to a bill of particulars submitted by the original owners, the first buyers stated: "By reason of an excess of four inches of rain following over a short span of time over the area, the third party plaintiffs [first buyers] sustained damages in the sum of over an excess of five thousand dollars * * *." Thereafter, the original owners moved for summary judgment, contending that, as a matter of law, the first buyers could not sustain a cause of action for indemnification against them. The original owners reasoned that, since the first buyers had experienced flooding during their ownership of the property, they had independent knowledge of the flooding and could not have reasonably relied on the alleged misrepresentation of the original owners when making to the second buyers the statement which gave rise to the underlying action.

The first buyers answered the motion for summary judgment, alleging that there were genuine issues of material fact and that the original owners were not entitled to summary judgment as a matter of law. They also asked that the causes of action be severed.

After the underlying action had been voluntarily dismissed by agreement of the parties, the trial court entered an order granting summary judgment to the original owners, dismissing the third-party complaint and denying the request for a severance. The court found "that there is no genuine issue as to the material facts that the Third Party Plaintiffs were aware of flooding during the period of their occupancy of said premises before they sold said premises to the Plaintiffs, and that the Third Party Defendants are entitled to Summary Judgment as a matter of law."

The first buyers appeal from the September 22, 1976, order granting summary judgment to the original owners.

Section 25(2) of the Civil Practice Act permits a defendant to implead as a third-party defendant any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Ill. Rev. Stat. 1973, ch. 110, par. 25(2); *Vassolo v. Comet Industries, Inc.* (1975), 35 Ill. App. 3d 41, 341 N.E.2d 54.) Thus, in order to maintain the third-party action the first buyers were required to plead and prove that the original owners were or might be liable for all or part of the second buyers' claim against them.

■■ The purpose of section 25 is the same as that of Federal Rule 14 (see Ill. Ann. Stat., ch. 110, par. 25(2), Committee Comments, at 289 (Smith-Hurd 1968)), which is "to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant." (3 Moore's Federal Practice, par. 14.04 (2d ed. 1974); see *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d

790.) Although third-party practice is properly used to reduce litigation where the third-party claim arises out of the same basic facts which determine the plaintiff's claim against the defendant, it can not be used to maintain an entirely separate and independent claim against a third party, even if it arises out of the same general set of facts as the main claim. (*United States v. Munroe Towers, Inc.* (D.C.N.J. 1968), 286 F. Supp. 92; *United States Fidelity & Guaranty Co. v. American State Bank* (10th Cir. 1967), 372 F.2d 449.) As stated in *United States v. Joe Grasso & Son, Inc.* (5th Cir. 1967), 380 F.2d 749, 751-52:

> "The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be 'liable *secondarily* to the original defendant in the event that the latter is held liable to the plaintiff.' [Citations] Stating the same principle in different words, other authorities declare that the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery [citations], or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant [citations]. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim." See *Index Fund, Inc. v. Hagopian* (S.D.N.Y. 1976), 417 F. Supp. 738.

Here the third-party complaint refers in a single count to two separate types of damage allegedly suffered as a result of flooding on the subject property. Initially, the first buyers claim indemnification for damages which might be recovered from them by the second buyers in the underlying action. They also seek recovery of damages which were allegedly sustained while they were in possession of the property before it was sold to the second buyers in 1972.

■■ The first buyers' claim for damages suffered while they were in possession of the property clearly will not sustain a third-party action for indemnification because the third-party's liability therefor is not dependent upon the outcome of the primary complaint. The alleged damages resulted from a separate transaction involving different parties, and the claim is based on entirely unrelated acts of fraud. Although these damages may be recoverable in a separate lawsuit, they are not a sufficient basis upon which to sustain a third-party action. Therefore, the trial court properly determined that the only possible theory which could support the third-party complaint was a claim for indemnification of

damages suffered by the second buyers for which the first buyers might be held liable.

■■ ■ The first buyers contend that sufficient factual issues were presented regarding the nature of the statements made to them by the original owners to preclude the entry of summary judgment on the indemnification theory. (Ill. Rev. Stat. 1975, ch. 110, par. 57; see *Reith v. General Telephone Co.* (1974), 22 Ill. App. 3d 337, 317 N.E.2d 369; *Hernandez v. Trimarc Corp.* (1976), 38 Ill. App. 3d 1004, 350 N.E.2d 202.) Although the trial court might have found the existence of factual issues which would be relevant in a separate, direct action for damages by the first buyers against the original owners, the resolution of these issues was not necessary to a determination of the question before the trial court. In order to prove an action for indemnification based on a theory of misrepresentation, the third-party plaintiff must be able to prove that he reasonably relied on the misrepresentation of the third-party defendant when making the subsequent statements for which the plaintiff seeks to impose liability. Here, the trial court's decision was based on a determination that the first buyers could not have reasonably relied upon the alleged fraudulent representation of the original owners when they, in turn, sold the subject property to the second buyers. This determination is fully supported by the first buyers' admission, contained in their answer to the bill of particulars as well as in the allegations of the third-party complaint, that they had experienced flooding on the property during their occupancy and before the property was sold to the second buyers.

The first buyers' reliance on *Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40, is inappropriate. *Gertz* held that a defendant tortfeasor had a right to bring an action to be indemnified for the damages to a plaintiff attributable to the malpractice of a third party. Here, although the first buyers and the original owners are not joint tortfeasors, the holding in *Gertz* does not apply because the damages suffered by the second buyers were neither the direct result of nor aggravated by any misrepresentation for which the original owners may be held liable.

We note that the trial court, in entering summary judgment, determined only that the first buyers could not prove a cause of action based on the theory of indemnification against the original owners. This determination does not preclude a possible direct action by the first buyers against the original owners for any damage sustained as a result of the alleged fraud while the first buyers owned the subject property.

The decision of the trial court is affirmed.

DIERINGER and ROMITI, JJ., concur.