GERALDINE SOLAR, Plaintiff, *v.* DOMINICK'S FINER FOODS, INC., Defendant and Counterplaintiff-Appellant.—(S. A. BARNES COMPANY, INC., Defendant and Counterdefendant-Appellee.)

First District (1st Division)   No. 77-1935

Opinion filed October 23, 1978.—Rehearing denied November 20, 1978.

Kralovec, Sweeney, Marquard & Doyle, of Chicago (George E. Sweeney and Edward V. Scoby, of counsel), for appellant.

James R. Quinn and Defrees & Fiske, both of Chicago (Edward J. Griffin and Gary Schuman, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This record raises an issue of implied indemnity which will soon become of historic value only. (*Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 16-17, 374 N.E.2d 437.) The point arises on the sufficiency of pleadings after the trial court struck and dismissed a counterclaim which sought codefendant indemnity. The counterplaintiff has appealed.

Geraldine Solar (plaintiff) filed her third amended complaint against Dominick's Finer Foods, Inc. (Dominick's), and S. A. Barnes Company, Inc. (Barnes). Banker's Life & Casualty Company also appears as a defendant to the third amended complaint but its rights and liabilities are not material to this appeal.

Count I of the plaintiff's third amended complaint alleged that Dominick's owned and operated a building used for sale of groceries. Plaintiff entered the premises in the exercise of due care and was injured when a tile fell from the ceiling and struck her. It was alleged that Dominick's "carelessly and negligently" violated its duty to maintain the ceiling in good repair and safe condition as it:

(a) Permitted the ceiling tile to become and remain worn, defective and dangerous;

(b) Permitted the ceiling and tile to remain broken, loose and cracked;

(c) Failed to make reasonable and necessary repairs although they knew, or should reasonably have known, of the dangerous condition;

(d) Neglected to barricade or otherwise warn persons who might be exposed to the dangerous condition; and

(e) Failed to warn plaintiff of the dangerous condition.

Count II also alleged that, on a date unknown to plaintiff, Barnes constructed and installed the interior ceiling and tile. Barnes violated its duty to plaintiff and was guilty of one or more careless and negligent acts or omissions:

(a) Attached the ceiling tiles so they would not remain in place but would fall; and

(b) Failed to secure the ceiling tiles so they would not fall.

Dominick's filed a counterclaim in two counts seeking indemnity from Barnes. Count I alleged the filing of plaintiff's complaint and referred to an appended copy thereof. Dominick's entered into an agreement with Barnes to install acoustical tile on the ceiling. Any judgment in favor of plaintiff and against Dominick's would establish only secondary and passive fault on the part of Dominick's and any such judgment would be due to the "real and active conduct" of Barnes in negligent installation of the acoustical ceiling. If judgment were to be entered in favor of plaintiff and against Dominick's, the latter would be entitled to indemnity from Barnes.

Count II of the counterclaim alleged the contract between Dominick's and Barnes for the installation of the new ceiling by Barnes. Appended thereto is a written proposal from Barnes, dated September 13, 1971, for furnishing "the necessary labor and material for" installation of the ceiling and a copy of a letter to Barnes, dated January 3, 1972, accepting this proposal. Count II also alleged that Barnes did install the ceiling but disregarded their duty and the installation was done "in a poor and unworkmanlike fashion in violation of said contract."

Barnes filed a motion to strike count I of the counterclaim. The motion set forth that the third amended complaint charged active negligence against Dominick's. Therefore Dominick's had failed to show a qualitative distinction between its own activity and that charged against Barnes. Barnes also filed a separate motion to dismiss count II of the counterclaim. The motion alleged that the proposal and the letter of acceptance do not contain any provision for indemnification regarding the work in question and in the absence of such special agreement such indemnity would be permitted by implication only. The motion further averred that there was no qualitative distinction between the acts of negligence alleged against Dominick's in plaintiff's third amended complaint and the allegations against Barnes in the counterclaim so that an amendment of count II would not state a cause of action. Separate briefs have been filed in this court in behalf of Barnes, each considering one count of the counterclaim.

After a hearing, and upon consideration of memoranda of law, the trial judge struck both counts of the counterclaim and dismissed it. In this

court Dominick's contends that the pleadings disclose a possibility that Dominick's may be held liable for failure to remedy a condition created by Barnes; while the conduct of Dominick's should be deemed passive negligence and that of Barnes active negligence under the doctrine of implied indemnity. Barnes contends that count I of the counterclaim states no cause of action as it fails to show a qualitative distinction between the alleged negligence of Dominick's and that of Barnes and as a matter of law it can be determined on the pleadings that the negligence of Dominick's was active and therefore precludes indemnity. As regards count II of the counterclaim, Barnes contends that there is a failure to allege a cause of action.

■■ The courts of this State have traditionally denied contribution among persons jointly charged with the commission of a tort. This has given rise to application of the theory of implied indemnity conceived by the courts "to mitigate the harsh effect that could result from an inflexible application of the rule which prohibits contributions." (*Carver v. Grossman* (1973), 55 Ill. 2d 507, 511, 305 N.E.2d 161.) Many cases have held that where there is a qualitative difference between the conduct of the parties with reference to the occurrence so that the conduct of the indemnitor is found to be "the primary cause or active negligence while that of the indemnitee has been characterized as the secondary cause or passive negligence" (*Carver*, 55 Ill. 2d 507, 511), indemnity should be allowed to the indemnitee. The opinion and dissents by the supreme court in *Skinner*, 70 Ill. 2d 1, are completely informative on this subject.

However, the application of this principle to practical situations is far from simple. The words "active" and "passive" are "terms of art and they must be applied in accordance with concepts worked out by courts of review upon a case by case basis. Under appropriate circumstances, inaction or passivity in the ordinary sense may well constitute the primary cause of a mishap or active negligence (*Topel v. Porter*, 95 Ill. App. 2d 315, 330, 237 N.E.2d 711). It has been appropriately stated that 'mere motion does not define the distinction between active and passive negligence.' (*Trzos v. Berman Leasing Co.*, 86 Ill. App. 2d 176, 183, 229 N.E.2d 787.)" (*Moody v. Chicago Transit Authority* (1974), 17 Ill. App. 3d 113, 117, 307 N.E.2d 789.) The matter assumes even greater difficulties in the case before us in which the active/passive concept must be applied to the rights of the parties in the pleading stage.

Barnes urges that count I contains simply conclusions of the pleader to the effect that the conduct of Barnes was active while that of Dominick's was passive. Barnes characterizes this type of pleading as legal conclusions which are not admitted by the motion to dismiss. Barnes cites cases such as *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 546-47, 316 N.E.2d 516; *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 232, 234 N.E.2d

790, and *Preston v. City of Chicago* (1975), 34 Ill. App. 3d 322, 327, 340 N.E.2d 251. Although this ground was not raised in the motion to dismiss count I, it is available to Barnes in this court where Barnes is an appellee seeking to sustain the judgment appealed from. *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285.

A number of cases in Illinois "have held that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." (*Fechtner v. Lake County Savings & Loan Association* (1977), 66 Ill. 2d 128, 133, 361 N.E.2d 575, and cases there cited.) This theory springs from the well rooted conviction among courts and lawyers that the right to amend should be liberally granted. This situation is even more pronounced in the troublesome cases involving indemnity. In *Muhlbauer*, 39 Ill. 2d 226, 231, the supreme court cited a number of cases in the supreme and appellate courts to this effect:

> "Wilson argues that the third party complaint was properly dismissed because, as the pleadings stand, either Kruzel is not liable to the plaintiff at all, or he is liable because of his own active negligence. Because a plaintiff may amend his complaint, even after trial, to conform the pleadings to the proof (Ill. Rev. Stat. 1965, chap. 110, par. 46), numerous decisions have emphasized the difficulty of determining, as a matter of law at the pleading stage, that 'in no event' would the defendant have an action over against the third-party defendant."

Upon examination and analysis of all of the pleadings before us, we cannot conclude that they present a situation in which Dominick's "in no event" would have an action over against Barnes. The roles of the parties in this transaction are basically such as to require our adherence to this principle. It must be remembered that Dominick's simply retained the services of Barnes whereas Barnes was the party which executed the work. We do not mean in this regard to prejudge the situation without a complete examination of the facts. However, in our opinion, it is equally impossible for us to state from the pleadings before us that Dominick's in no event could be successful on its counterclaim against Barnes.

In addition, it appears to us that count I of the counterclaim is strengthened by the allegations of plaintiff's third amended complaint. These matters, as above set forth, without evidentiary facts, appear to allege simply passive or secondary negligence on the part of Dominick's. Count I of the counterclaim alleges active conduct by Barnes in connection with the installation of the ceiling. Consequently it would seem that the evidence may well establish a qualitative distinction between the alleged negligence of these two parties in their relationship to the plaintiff. Furthermore, it may be that Dominick's can strengthen the

counterclaim by amendment stating additional facts. The distinction between fact and conclusion is generally a baffling one. See *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723, and the dissent therein.

■■ Accordingly the order appealed from is reversed insofar as it dismisses count I of the counterclaim.

Turning to count II of the counterclaim, the parties have presented arguments upon the theory of implied indemnity. The primary allegations in count II are to the effect that Dominick's ordered installation of the ceiling by Barnes. The parties entered into an agreement represented by a written proposal made by Barnes and a letter of acceptance by Dominick's. Count II alleges that the ceiling was not installed in a good and workmanlike manner but was poorly done in violation of the contract. We are unable to conclude that this pleading raises an issue of indemnity on the active/passive theory. There is no agreement for indemnity in either of the documents which comprise the agreement between these parties. It may well be that, as regards plaintiff, Barnes owed a general legal duty to exercise ordinary care to guard against any injury which might result as a reasonably probable and foreseeable consequence of faulty installation of the ceiling. (See *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 364-65, 367 N.E.2d 1250.) However, this duty, if shown to exist, would not necessarily lead to any right in Dominick's to indemnity from Barnes.

The issue here, in our opinion, is whether the contract between Dominick's and Barnes placed upon Barnes an implied duty to install the ceiling in a good and workmanlike manner. The law of Illinois appears to be in the process of development as regards this issue. In *Dean v. Rutherford* (1977), 49 Ill. App. 3d 768, 364 N.E.2d 625, the court allowed defendant homeowners a setoff against a mason who sought foreclosure of a mechanic's lien. This was predicated upon lack of good workmanship in the construction of fireplaces. The *Dean* court cited *Springdale Cemetery Association v. Smith* (1863), 32 Ill. 252, and *Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co.* (7th Cir. 1940), 111 F.2d 875, as authority for the proposition that "one who contracts to perform construction work impliedly warrants to do the work in a reasonably workmanlike manner." (*Dean*, 49 Ill. App. 3d 768, 770.) We also find two annotations pertaining to this subject: Annot., 61 A.L.R. 3d 792 (1975); Annot., 58 A.L.R. 2d 865 (1958).

We expressly abstain from deciding this point. In our opinion, a matter of this type is best decided with all of the facts before the court rather than upon the pleadings. However, in view of the existence of the above authorities, we cannot conclude that it clearly appears that no set of facts can be proved which will entitle Dominick's to recover on count II.

Insofar as the order appealed from dismisses count II, it is reversed.

The order appealed from dismissing counts I and II of the counterclaim of Dominick's against Barnes is accordingly reversed and the cause is remanded to the trial court for further proceedings in accordance with the views above expressed.

Order reversed; cause remanded.

O'CONNOR and BUCKLEY, JJ., concur.