WILLIAM P. MALAUSKAS, Plaintiff, *v.* TISHMAN CONSTRUCTION CORP. *et al.*, Defendants.—(SKIDMORE, OWINGS AND MERRILL *et al.*, Third-Party Plaintiffs-Appellants, *v.* ECONOMY MECHANICAL INDUSTRIES, INC., Third-Party Defendant-Appellee.)

First District (1st Division)   No. 79-608

Opinion filed February 4, 1980.—Rehearing denied March 17, 1980.

Schaffenegger, Watson & Peterson, Ltd., of Chicago (Jay S. Nelson, of counsel), for appellants.

Cassiday, Schade & Gloor, of Chicago (John D. Cassiday and D. Patterson Gloor, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Skidmore, Owings & Merrill (SOM) and Commercial Light Co. (Commercial) have appealed from an order which dismissed with prejudice their third amended third-party complaint against Economy Mechanical Industries, Inc. (Economy).

The complaint of plaintiff William P. Malauskas contained two counts. Count I alleged SOM was an architectural firm which prepared drawings, plans and specifications for the job in question. Commercial was a subcontractor for and engaged in electrical work at the job. SOM, Commercial and two other defendants wilfully violated the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, pars. 60 *et seq.*), by providing plaintiff with a ladder of loose and weak rails and rungs improperly placed, installed without adequate light and in a place where rubble and debris were permitted to accumulate.

Count II alleged SOM failed adequately to supervise and inspect the work, permitted use of an inadequate ladder, failed to provide for adequate lighting in the area and permitted and allowed material and debris to accumulate. It alleged Commercial negligently failed to provide adequate and sufficient light and failed to furnish adequate and sufficient illumination in the ceiling.

Commercial's answer to count I denied the allegations of paragraph 3 of the complaint regarding the status of Commercial as a subcontractor and the fact that it engaged in construction on the job. The answer also denied the specific allegations of negligence contained in count I as above set out. The answer of Commercial also denied the allegations of count II of the complaint regarding negligence as above set forth. The answer of SOM similarly denied the allegations of both counts of the complaint containing allegations against it.

The third amended third-party complaint of SOM and Commercial against Economy alleged "in the alternative to and without prejudice to" other pleadings of the third-party plaintiffs: SOM and Commercial are parties to the complaint of plaintiff, copy of which was attached. Third-party plaintiffs deny liability to plaintiff. If third-party plaintiffs are found

liable to plaintiff, it will be because of the failure of said third-party plaintiffs to inspect and discover a dangerous condition created by Economy. Economy was the employer of plaintiff and provided plaintiff with the ladder in question.

The third amended third-party complaint also alleged the following negligent acts or omissions of Economy which were the proximate cause of plaintiff's injuries: Economy supplied plaintiff with a ladder which Economy knew, or should have known, was made of loose, dangerous and weak rails and rungs which could not support the weight of plaintiff; Economy ordered plaintiff to work on a ladder which it knew, or should have known, was unsafe because it was unsafely erected and Economy ordered plaintiff, its employee, to work in an area it knew, or should have known, was unsafe because it was littered with an unsafe accumulation of rubble and debris. Third-party plaintiffs therefore alleged a qualitative difference between their passive negligence and the active negligence of Economy.

The trial court allowed the motion of Economy to dismiss the third amended third-party complaint. In this court SOM and Commercial urge the dismissal was in contravention of the legislative and judicial liberal positions regarding third-party complaints and the third amended third-party complaint set forth sufficient facts to state a cause of action for implied indemnity. Economy contends the third-party plaintiffs, SOM and Commercial, are bound by their judicial admissions, they have waived certain points not argued in their briefs, and the third amended third-party complaint was required to set out facts which would establish some relationship of SOM and Commercial to the alleged tort against plaintiff which would require indemnity by a third party to them. These matters bring before this court two issues which are raised in the motion to dismiss the third amended third-party complaint.

I.

Economy first claims that the position of SOM and Commercial is delineated by judicial admissions which bind them and bar their attempted third-party action. Economy cites cases such as *Coss v. Magdziasz* (1965), 65 Ill. App. 2d 40, 42, 212 N.E.2d 717, and *Gowdy v. Richter* (1974), 20 Ill. App. 3d 514, 520, 314 N.E.2d 549, *appeal denied* (1974), 56 Ill. 2d 586, as authority for their contention that admissions in an answer are binding on the party making them.

■■ A judicial admission is best defined as "formal acts of a party or his attorney in court, dispensing with proof of a fact claimed to be true * * *." (*Frisch v. International Harvester Co.* (1975), 33 Ill. App. 3d 507, 519-20, 338 N.E.2d 90, and cases there cited.) In addition, "'[w]hat constitutes a judicial admission must be decided under the circumstances

of each case * * *.'" (*Frisch*, 33 Ill. App. 3d 507, 520.) "A judicial admission is the highest and best type of evidence. It is sufficient to dispense with the need for proof of the facts admitted." *O'Neill v. Chicago Transit Authority* (1972), 5 Ill. App. 3d 69, 72, 283 N.E.2d 99.

It is correct that "[a]dmissions in pleadings are proper evidence." (*Waldorf v. Marlas* (1977), 56 Ill. App. 3d 358, 362, 371 N.E.2d 1021.) The problem arising in this situation, therefore, is a determination as to whether or not the denials contained in the unverified answers of third-party plaintiffs to the complaint of plaintiff constitute judicial admissions. We are obliged to conclude that they do not. The rule of liberal construction pertains with reference to the Civil Practice Act. The Act is specific in stating (Ill. Rev. Stat. 1977, ch. 110, par. 43):

> "(1) Parties may plead as many causes of action, counterclaims, defenses, and matters in reply or rejoinder as they may have, and each shall be separately designated and numbered.
>
> (2) When a party is in doubt as to which of two or more statements of fact is true, he may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts or defenses. A bad alternative does not affect a good one."

■■ We find no inconsistency in a denial of facts in an unverified answer and the alternative assertion of such facts in a third-party complaint. In *King v. Corsini* (1975), 32 Ill. App. 3d 461, 463, 335 N.E.2d 561, this court "held that in light of the provision of section 43(2) (authorizing alternative pleadings), the rule is that *unverified* alternative pleadings should not be admissible for impeachment or as an admission against interest." We conclude that the denials in the unverified answers do not constitute judicial admissions. In that regard the order dismissing the complaint was erroneous.

## II.

■■ The remaining problem is whether the third amended third-party complaint sets out sufficient facts to constitute a cause of action. This court considered a rather similar situation in *Solar v. Dominick's Finer Foods, Inc.* (1978), 65 Ill. App. 3d 192, 382 N.E.2d 581. We discussed there the difficulties involving the classification of conduct as active or passive and the problems arising in applying these definitions to practical situations. (*Solar*, 65 Ill. App. 3d 192, 195.) The counterclaim for indemnity there alleged, much as the pleading in the case at bar, that any judgment against the defendant, Dominick's, would establish only secondary and passive fault of Dominick's and that any such judgment would be due to the active conduct of the codefendant. We held the counterclaim sufficiently alleged a cause of action for indemnity.

The situation in the instant case does not convince us that "in no

event" would SOM and Commercial have an action over against Economy. See *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 231, 234 N.E.2d 790, and the authorities there cited.

In our opinion, a contrary result is not required by *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516. In *Burke*, the defendant, Sky Climber, Inc., had designed, manufactured, assembled and distributed the defective scaffold. Under these circumstances it was clear that Sky Climber could not recover from the Chicago Housing Authority which had simply made use of the furnished scaffold. In this regard, the instant case differs from *Burke*. There, the negligence of the manufacturer was inherently active by the very nature of the situation. The conduct of the purchaser of the scaffold was necessarily passive. In the case at bar, depending upon the evidence produced, the conduct of the third-party plaintiffs and also of the third-party defendant might well be either active or passive. We cannot say that "in no event" would SOM and Commercial be entitled to indemnity.

We find no problem raised by the argument of Economy that there must be some special legal relationship between the parties to give rise to a duty to indemnify. As held in *Burgdorff v. International Business Machines* (1975), 35 Ill. App. 3d 192, 194, 341 N.E.2d 122, such duty would result solely from proof that the conduct of one party was passive and the other was active in accordance with the legal significance of these terms.

The judgment appealed from is accordingly reversed and the cause is remanded for further proceedings consistent with the views above expressed.

Judgment reversed and cause remanded.

McGLOON and O'CONNOR, JJ., concur.