GERALD L. KIEST *et al.*, Plaintiffs, v. JUNE ESMOND *et al.*, Defendants and Third–Party Plaintiffs-Appellants (Chicago Title Insurance Company *et al.*, Third–Party Defendants-Appellees; The Village of North Utica *et al.*, Defendants).

Third District No. 3—88—0207

Opinion filed March 2, 1989.

Armstrong, Surin & Engels, of Ottawa (Craig M. Armstrong, of counsel), for appellants.

Diane M. Romaniuk, of Chicago, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Appellants, June and Truman Esmond, appeal from the dismissal of count VII of their third-party complaint, which alleged a cause of action for slander of title against third-party defendants Chicago Title Insurance Company and Buchner and O'Toole Title Company. On appeal the Esmonds argue their amended third-party complaint alleges a cause of action sufficient to withstand a motion to dismiss.

The Esmonds were engaged in developing two subdivisions in La Salle County. The Esmonds constructed Oak Bluff Estates Subdivision Unit 2 (Unit 2), in which they intended to offer certain lots for sale.

On May 1, 1979, ordinance No. 79—4 was passed by the village board approving the preliminary plat of Oak Bluff Estates. In November 1980, formal action was taken by the village board approving for sale several lots in Unit 2, including lot 38. On February 3, 1981, ordinance No. 81—2 was passed by the village board approving the annexation of Unit 2, subject to the performance by Esmonds of the terms of a preannexation agreement.

On April 15, 1981, the Esmonds sold lot 38 to Gerald L. and Anne E. Kiest. The Esmonds purchased a commitment for title insurance from the third-party defendants, Chicago Title and Buchner and O'Toole Title Company, and delivered their executed warranty deed conveying fee simple title of the subject real estate to the Kiests. The commitment did not make reference to the adoption of ordinance No.

81—2.

On April 25, 1981, ordinance No. 81—8 was passed by the village board, superseding ordinance No. 81—2, waiving the rights of the village under a portion of the preannexation agreement to the extent necessary to carry out ordinance No. 81—8, and stating that the Esmonds shall not be barred from selling any improved lot or lots except as noted.

On June 7, 1983, the Kiests were refused a building permit by the village board. The Kiests then filed a claim under their commitment for title insurance. On February 6, 1984, James K. Weston, vice-president and regional counsel for Chicago Title, wrote to the Kiests' attorney, stating that "Ordinance 81—8 is invalid and of no legal effect." On February 8, 1984, the Kiests filed a claim against the title company based on the fact that the commitment for title insurance was issued without reference to the restrictions placed on the lots by ordinance No. 81—2 and the preannexation agreement. The Kiests sought damages, and although Chicago Title denied liability, they paid the Kiests $4,000 on a covenant not to sue. As a result of these events, Truman Esmond contends he heard from a number of persons that title to the lot was no good and that Chicago Title had admitted as much and made a settlement with the Kiests.

On June 22, 1984, the Kiests filed a complaint against the Esmonds alleging that the failure of the Esmonds to comply with the terms of the preannexation agreement with the village was the cause of the village's refusal to issue a building permit. The Esmonds then filed a third-party complaint for indemnity against several third-party defendants, including Chicago Title. The Esmonds amended their complaint by adding count VII, which alleged that the Weston letter had slandered the title of the lots still owned by the Esmonds. The underlying action between the Esmonds and the Kiests was dismissed by the trial court on February 19, 1988, by stipulation of the parties, the Esmond indemnity claim being dismissed along with the original action.

On May 28, 1987, the Esmonds further amended their complaint to allege that the Weston letter caused officials of the Village of North Utica to declare and publish erroneous information to potential buyers of the Esmonds' property. Chicago Title filed a motion to dismiss for failure to allege facts sufficient to support a claim of slander of title. The trial court granted Chicago Title's motion to dismiss and the Esmonds have appealed.

Before we are able to consider the Esmonds' argument, it is necessary to address Chicago Title's contention that the trial court properly dismissed the claim because of improper joinder. In support of this ar-

gument, Chicago Title cites section 2—406(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—406), which was designed to implement third-party practice in Illinois. Section 2—406(b) provides, in pertinent part, as follows:

> "Within the time for filing his or her answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her." Ill. Rev. Stat. 1985, ch. 110, par. 2—406.

 This language has been interpreted as preventing a third-party plaintiff from joining independent claims against a third-party defendant. (*Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 496 N.E.2d 1104.) In *Ketcham* the court stated that "[o]nly those claims which a third-party defendant is or may be liable to the original defendant for all or part of the plaintiff's claims against him are proper under third-party proceedings." (*Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 201, 496 N.E.2d 1104, 1107.) Similarly, in *Filipponio v. Bailitz* (1978), 73 Ill. App. 3d 389, 392 N.E.2d 23, the court found that third-party practice cannot be used to maintain an entirely separate and independent claim against a third party, even if it arises out of the same general set of facts as the main claim.

In the present case Chicago Title's and Buchner and O'Toole's liability to the Esmonds for slander of title is not derivative of the outcome of the Esmonds' liability to the Kiests. As indicated earlier, the underlying action between the Esmonds and the Kiests was dismissed by the trial court on February 19, 1988, by stipulation of the parties. In addition, in count VII of the Esmonds' amended third-party complaint, the Esmonds are seeking recovery against Chicago Title and Buchner and O'Toole for their own damages.

 We agree with the defendants' argument that the claim for slander of title is a separate, independent claim for the Esmonds' own damages. This contention has not been refuted or addressed by the Esmonds. Consequently, because count VII is not a sufficient basis upon which to sustain a third-party action, the trial court properly dismissed the third-party complaint.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

WOMBACHER and SCOTT, JJ., concur.