VICORP RESTAURANTS, Plaintiff, v. CORINCO INSULATING COMPANY, Defendant and Third-Party Plaintiff-Appellant (G. William Walker Construction Company, Inc., Third-Party Plaintiff-Appellee).

First District (6th Division)   No. 1—90—2309

Opinion filed November 22, 1991.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold and David T. Nani, of counsel), for appellant.

Condon & Cook, of Chicago (Francis J. Leyhane III, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, Vicorp Restaurants (Vicorp), brought an action against Corinco Insulating Co. (Corinco) and against G. William Walker Construction Co., Inc. (Walker), seeking recovery for damages allegedly caused by the improper construction of a freezer addition to the plaintiff's warehouse. Specifically, Vicorp asserted faulty workmanship in the installation of the concrete floor of the freezer addition. Corinco, the general contractor for the project, filed counterclaims against Vicorp and cross-claims against Walker, the subcontractor who performed all of the work on the concrete floor of the freezer addition. Walker was thereafter dismissed from the action brought by plaintiff.

Corinco alleged in its cross-claim that any liability on its part was due to Walker's breach of the subcontract with Corinco and to Walker's breach of its guarantee of workmanship and materials. Corinco sought indemnification for any judgment entered against it in favor of Vicorp and the sum of $11,303, the amount withheld by Vicorp under its contract with Corinco. As additional grounds for its cross-claim, Corinco asserted that Walker acted negligently in its installation of the concrete floor and requested contribution in an amount commensurate with Walker's relative culpability for any judgment entered against Corinco and in favor of Vicorp.

The trial court granted summary judgment in favor of Walker and against Corinco as to all of Corinco's claims against Walker, finding that Corinco had failed to state valid causes of action. Corinco appeals only the dismissal of its breach of contract and breach of implied warranty claims. Corinco has waived its right to appeal the judgment entered against it as to the negligence claim against Walker.

The issue before this court is whether the trial court erred in granting summary judgment in favor of Walker on Corinco's breach of contract and breach of implied warranty claims.

Plaintiff's complaint asserted that on March 15, 1984, Vicorp and Corinco executed a contract by which Corinco agreed to construct a freezer addition to a warehouse owned by Vicorp and located in Oak Forest, Illinois. The complaint asserted further that the construction work on the concrete floor of the addition was faulty, resulting in an uneven surface and extraordinary deterioration of that surface. The complaint alleged that as a result of being used on the uneven and deteriorated surface of the floor, certain of its warehouse equipment suffered damage.

Corinco filed a responsive pleading which included an answer, affirmative defense, and counterclaims to Vicorp's complaint. In its answer, Corinco denied the substantive allegations in the complaint. As

an affirmative defense, Corinco asserted its right to a setoff in the amount of $11,303 which was due under the construction contract but had been withheld by Vicorp. In counts I and II, Corinco's counter-claims sought judgment against Vicorp for the $11,303 which remained due and owing under the construction contract.

Corinco's responsive pleading also included counts III and IV, which asserted cross-claims against Walker, the subcontractor who performed the work on the concrete floor of the freezer addition. In its cross-claims, Corinco alleged that any liability on its part was due to Walker's failure to perform the work in accordance with the sub-contract. The cross-claims asserted further that Walker had breached its guarantee of the workmanship and materials used on the freezer addition project. Corinco sought indemnity for any liability imposed upon it and requested a judgment against Walker in the full amount of any judgment entered against Corinco in favor of Vicorp, plus the sum of $11,303.

Thereafter, Walker filed a motion to dismiss Vicorp's complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). Walker's motion alleged that the plaintiff's complaint sought contract damages from Walker despite the fact that it failed to allege the existence of a contract between Vicorp and Walker and asserted that the complaint failed to state a valid cause of action against Walker.

Vicorp filed a reply to the affirmative defense and an answer to the counterclaims brought by Corinco.

Pursuant to sections 2—612 and 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—612, 2—615), Walker then filed a motion to strike and dismiss the cross-claims brought by Corinco. In this motion, Walker requested that certain portions of count III, which alleged a breach of the subcontract by Walker, be stricken and that it be made more definite and certain. The motion requested further that count IV, which alleged a breach of the guarantee of workmanship and materials, be dismissed because it failed to state a valid cause of action.

On December 1, 1986, the trial court granted Walker's previously filed motion and dismissed with prejudice Vicorp's claims against Walker. Thereafter, the court ordered that counts III and IV of the counterclaim, asserting Corinco's cross-claims against Walker, be stricken and granted Corinco leave to file amended cross-claims.

Vicorp subsequently obtained leave to file an amended complaint against Corinco which added a count premised upon negligence.

Thereafter, Corinco obtained leave to file an amendment to its cross-claims against Walker, adding count V, which alleged that Walker was negligent in its installation of the concrete floor of the freezer addition. Corinco sought contribution from Walker in an amount commensurate with Walker's relative culpability for any judgment entered against Corinco and in favor of Vicorp.

Walker filed an answer to count V of Corinco's amended cross-claims, denying the substantive allegations raised by Corinco. Walker also asserted as an affirmative defense that Corinco, as general contractor, and W. E. Green, as architect of the project, approved and accepted Walker's work and that Walker had received payment for its work performed under the subcontract.

Vicorp obtained leave to file a second amended complaint against Corinco which alleged that the floor of the cooling area outside the freezer was also defective and damaged as a result of the conduct of Corinco. Corinco filed an answer to the second amended complaint which denied the substantive allegations made against it. Corinco again asserted as an affirmative defense its right to a setoff in the amount of $11,303 which remained due and owing under the contract.

After the parties engaged in substantial discovery, Walker filed a motion for summary judgment as to counts III and IV of Corinco's cross-claims. Walker also filed a separate motion for summary judgment as to count V of Corinco's amended cross-claims. Walker's motions for summary judgment asserted that (1) the subcontract between Corinco and Walker did not include any express indemnification or guarantee provisions, (2) Corinco was precluded from seeking indemnity by virtue of the Construction Contract Indemnification for Negligence Act (Ill. Rev. Stat. 1985, ch. 29, par. 61 *et seq.*), (3) Corinco's claims did not fall within the specific implied indemnity exceptions recognized by the supreme court, and (4) Vicorp and Corinco could not recover in tort for a purely economic loss.

Corinco responded to Walker's motions for summary judgment, arguing that Walker was liable to Corinco for breach of contract and for breach of implied warranty. Corinco argued further that the Construction Contract Indemnification for Negligence Act (Ill. Rev. Stat. 1985, ch. 29, par. 61 *et seq.*) did not preclude Corinco's claims where they were predicated upon breach of contract and upon breach of implied warranty as well as upon negligence.

Walker filed replies to Corinco's responses, and upon hearing arguments of counsel, the trial court granted summary judgment in favor of Walker as to all three counts in the cross-claim and dismissed

Walker as a party to the action. The court's order also held that there was no just cause to delay enforcement of or appeal from the order.

Corinco has appealed only the trial court's grant of summary judgment in favor of Walker as to Corinco's breach of contract and breach of implied warranty claims.

■ Initially, we note that section 2—608 of the Illinois Code of Civil Procedure provides that "[a]ny claim by one or more defendants *** against one or more codefendants, whether in the nature of *** cross claim or otherwise, and whether in tort or contract, *** may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim." (Ill. Rev. Stat. 1985, ch. 110, par. 2—608(a).) Corinco's cross-claims against Walker were set forth in its pleading which incorporated its answer to the plaintiff's complaint, affirmative defense, and counterclaims against both Vicorp and Walker. At the time this pleading was filed, Walker was a named defendant in the litigation. Consequently, Corinco's claims against Walker were properly brought before the trial court.

Although Vicorp's complaint against Walker was subsequently dismissed, Corinco's cross-claims against Walker remained. Thus, Corinco's pleading against Walker could easily have been retitled and treated as a third-party complaint. On review, Corinco's claims will be examined as if they had been raised by way of a third-party complaint.

■ Section 2—406(b) of the Code of Civil Procedure provides that a defendant may assert a claim against a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. (Ill. Rev. Stat. 1985, ch. 110, par. 2—406(b).) A defendant may maintain an action against a third-party defendant only where the third-party's liability is in some way derivative of the outcome of the main claim or where the third-party defendant is or may be liable to the original defendant for all or part of the plaintiff's claims against him. (*Kiest v. Esmond* (1989), 179 Ill. App. 3d 1055, 1058, 535 N.E.2d 490, 492; *Filipponio v. Bailitz* (1979), 73 Ill. App. 3d 389, 392, 392 N.E.2d 23, 26.) The third-party practice established by this section is substantially the same as the Federal practice under Federal Rule 14. Ill. Ann. Stat., ch. 110, par. 2—406, Joint Committee Comments, at 414 (Smith-Hurd 1983).

■ Here, Walker's liability is derivative of or dependent upon the outcome of Vicorp's claim against Corinco. Therefore, Corinco could properly pursue a third-party action against Walker. *Kiest*, 179 Ill. App. 3d at 1058, 535 N.E.2d at 492; *Filipponio*, 73 Ill. App. 3d at 392, 392 N.E.2d at 26.

Corinco asserted that Walker was liable to Corinco for the loss sustained by Vicorp due to Walker's breach of the terms of the subcontract and due to its breach of the implied warranty that the concrete floor would be installed in a workmanlike manner.

■ A claim for breach of contract is properly presented to the trial court where a general contractor asserts a breach of the terms of its agreement with a subcontractor and seeks recovery for any loss incurred by the plaintiff. *Northrop Corp. v. Crouch-Walker, Inc.* (1988), 175 Ill. App. 3d 203, 206, 529 N.E.2d 784, 787-88; *Brownell v. Quinn* (1964), 47 Ill. App. 2d 206, 209, 197 N.E.2d 721, 723; *Jeffers v. Brua* (1963), 40 Ill. App. 2d 156, 161, 189 N.E.2d 374, 377.

In the instant case, Corinco alleged in its cross-claims that Walker agreed to furnish and install a concrete slab floor for the subject freezer addition pursuant to the specifications and construction plans of the architect on the project as set forth in the subcontract. Corinco asserted further that Walker failed to install the concrete floor in accordance with the terms of the subcontract. The allegations in Corinco's cross-claims were sufficient to set forth a legally recognized claim of breach of contract upon which relief could be granted. *Northrop Corp.*, 175 Ill. App. 3d at 206, 529 N.E.2d at 787-88.

■ Whether a breach of contract has occurred is a question of fact. (*Levan v. Richter* (1987), 152 Ill. App. 3d 1082, 1090, 504 N.E.2d 1373, 1379.) No evidence was presented which would establish that the concrete floor installed by Walker was in accordance with the terms of the subcontract. We hold, therefore, that the trial court erred in finding as a matter of law that Corinco could not present a valid claim for breach of contract and should not have granted summary judgment on this basis.

Corinco also sought recovery for Walker's alleged breach of implied warranty.

■ One who contracts to perform construction work impliedly warrants to do the work in a reasonably workmanlike manner, and the failure to do so constitutes a breach of contract. *Harmon v. Dawson* (1988), 175 Ill. App. 3d 846, 849, 530 N.E.2d 564, 567; *Downes Swimming Pool, Inc. v. North Shore National Bank* (1984), 124 Ill. App. 3d 457, 465, 464 N.E.2d 761, 766; *Mayfield v. Swafford* (1982), 106 Ill. App. 3d 610, 612, 435 N.E.2d 953, 954; *Dean v. Rutherford* (1977), 49 Ill. App. 3d 768, 770, 364 N.E.2d 625, 626-27.

■ Corinco asserted in its cross-claims that Walker breached its warranty of the workmanship and materials used for the installation of the concrete floor for Vicorp. If, as Corinco alleged, Walker failed to install the concrete floor in a good workmanlike manner, Corinco

would be entitled to recover for Walker's breach of implied warranty. (*Leaseway Warehouses, Inc. v. Carlton* (N.D. Ill. 1983), 568 F. Supp. 1041, 1043; *Harmon*, 175 Ill. App. 3d at 849, 530 N.E.2d at 567; *Downes Swimming Pool, Inc.*, 124 Ill. App. 3d at 465, 464 N.E.2d at 766; *Dean*, 49 Ill. App. 3d at 770, 364 N.E.2d at 626-27.) The court heard no evidence establishing that Walker installed the concrete floor in a workmanlike fashion. Consequently, the trial court erred in finding as a matter of law that Corinco could not present a valid claim for breach of implied warranty.

■■ Walker has contended that Corinco's claims are barred by the Construction Contract Indemnification for Negligence Act (Ill. Rev. Stat. 1985, ch. 29, par. 61 *et seq.*) and relies upon the decision in *Playskool, Inc. v. Elsa Benson, Inc.* (1986), 147 Ill. App. 3d 292, 497 N.E.2d 1199. We find, however, that the case before us does not involve any allegations of negligence by Walker. Thus, contrary to Walker's assertions, the Construction Contract Indemnification for Negligence Act is inapplicable to the issues presented by this appeal, and the decision in *Playskool* is not controlling here. Consequently, we hold that the trial court erred in determining that Corinco sought recovery against Walker for an invalid indemnification claim.

Summary judgment is proper only where the pleadings, depositions, admissions, and affidavits demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) Summary judgment is a drastic remedy to be granted only where the movant's right to it is clear and free from doubt. (*Sutton v. Washington Rubber Parts & Supply Co.* (1988), 176 Ill. App. 3d 85, 88, 530 N.E.2d 1055, 1057.) If the facts will allow more than one conclusion or inference, summary judgment should be denied. (*Sutton*, 176 Ill. App. 3d at 88, 530 N.E.2d at 1057.) The respondent need not prove his case at the summary judgment stage, but he may be required to present evidence which demonstrates the existence of a triable issue of fact. (*Kramer v. Weedhopper of Utah, Inc.* (1986), 141 Ill. App. 3d 217, 221, 490 N.E.2d 104, 107.) Inferences which may reasonably be drawn from the evidence are to be resolved in favor of the party responding to the motion. *Kramer*, 141 Ill. App. 3d at 221, 490 N.E.2d at 107.

■■ In the instant case, the pleadings and evidence before the court clearly indicated that there was a genuine issue of material fact as to whether Walker's installation of the concrete floor constituted a breach of the terms of the subcontract or a breach of the implied warranty that the work was to be performed in a workmanlike manner.

Because this genuine issue of material fact remained, summary judgment should not have been entered in favor of Walker. *Amin v. Knape & Vogt Co.* (1986), 148 Ill. App. 3d 1075, 1078, 500 N.E.2d 454, 456.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a trial on the merits of Corinco's breach of contract and breach of implied warranty claims against Walker.

Reversed and remanded.

RAKOWSKI, P.J., and EGAN, J., concur.