BOB NEINER FARMS, INC., Plaintiff-Appellant, v. MARWOOD HENDRIX *et al.*, Defendants-Appellees.

Third District    No. 3—85—0116

Opinion filed March 6, 1986.

Christopher W. Bohlen, of Blanke, Norden, Barmann & Bohlen, P.C., of Kankakee, for appellant.

William O. Schmidt, of Kankakee, for appellees.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Bob Neiner Farms, Inc., appeals from the dismissal with prejudice of his contract action against the defendant, Hendrix Town & Country, Inc. The plaintiff argues that the court improperly applied the statute of limitations provided for a sale of goods under the Uniform Commercial Code (UCC). Alternatively, the plaintiff argues that the court improperly dismissed without requiring evidence of the intent of the parties.

The parties executed a contract in which the plaintiff was referred to as "Buyer" and the defendant was referred to as "Builder." In the contract, the plaintiff (hereafter buyer), agreed "to purchase above detailed building" for a specified price. The contract also reflects a price allowance for a loader and dryer. The defendant (hereafter builder), agreed "to furnish and erect a Bonanza Uni-Frame Building" as specified. The contract covered the cost of all relevant materials, labor, and supervision, as well as applicable sales tax. Its object was a farm machinery shed with dimensions of 84 feet by 160 feet. The contract specifically did not cover any electrical wiring, plumbing, heating, glazing, concrete work, earth grading, or earth filling.

Under the contract, the buyer agreed to prepare for the erection of

the building by obtaining necessary building permits, clearing and leveling the site prior to erection, and moving or disconnecting electrical lines hazardous for the erection. Also under the contract, the parties incorporated specifications for the structure's components and construction; and the builder made some written guarantee of workmanship.

In its complaint, the buyer alleged the builder's breach as evidenced by specific defects in the materials and construction quality of the building erected per the contract. The builder moved to dismiss, alleging that the action was barred by the statute of limitations for contracts of sale under the UCC. (Ill. Rev. Stat. 1983, ch. 26, par. 2—725(1).) Following a hearing, the court granted the motion and dismissed the complaint with prejudice. Following denial of his motion for reconsideration, the buyer brought the instant appeal.

On appeal, the buyer argues that the court erroneously dismissed the complaint under section 2—725(1) of the UCC. Section 2—725(1) of the UCC provides a four-year period for bringing actions on contracts for sales of goods. According to the buyer, as the contract was predominately for services, not goods, the court should have applied the limitation of section 13—206 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 13—206.) Section 13—206 provides a 10-year period for bringing contract actions other than for sales of goods covered by the UCC. The buyer argues alternatively that the court erred in granting the motion based solely upon contractual language and pursuant to the statute of limitations, as the contract is ambiguous as to its intent and as the court required no evidence of the intent of the parties.

The builder argues that the contract was predominately for a sale of goods. Consequently, according to the builder, the court correctly applied the UCC's four-year statute of limitations on sales actions. The builder further argues that the buyer has waived any objection to the court's dismissal based solely on the contract or, alternatively, that the court properly based its decision solely on the written contract.

■ Where a contract mixes the sale of goods with the rendition of services, the contract is covered by the UCC's provisions for sales of goods only if it is predominately for goods with service being incidental (*e.g.*, a contract for installation of a water heater by its supplier) and not predominantly for service, with goods being incidental (*e.g.*, a contract with an artist for a painting). *Meeker v. Hamilton Grain Elevator Co.* (1982), 110 Ill. App. 3d 668, 442 N.E.2d 921.

The parties have presented and we have considered a number of cases in which the courts have applied Illinois law to determine

whether a contract was predominately for service or for goods. Contracts which the courts have held predominately for service include ones for manufacture and installation of a building marquee (*Continental Illinois National Bank v. National Casket Co.* (1960), 27 Ill. App. 2d 447, 169 N.E.2d 853); for employment of a golf professional and purchase of 20 golf carts (*Executive Centers of America, Inc. v. Bannon* (1978), 62 Ill. App. 3d 738, 379 N.E.2d 364); for production of a set of dentures (*Carroll v. Grabavoy* (1979), 77 Ill. App. 3d 895, 396 N.E.2d 836); for a variety of construction work, furnishing a conveyor system, and tested installation of the conveyor at a postal processing facility (*Boddie v. Litton Unit Handling Systems* (1983), 118 Ill. App. 3d 520, 455 N.E.2d 142); for design and construction of an anhydrous ammonia plant, including procurement and erection of all equipment (*Nitrin, Inc. v. Bethlehem Steel Corp.* (1976), 35 Ill. App. 3d 577, 342 N.E.2d 65); and for furnishing and installation of exterior electrical equipment (*J & R Electric Division of J.O. Mory Stores, Inc. v. Skoog Construction Co.* (1976), 38 Ill. App. 3d 747, 348 N.E.2d 474).

Contracts which courts have held to be predominately for goods include ones for supply and construction of two grain storage bins (*Meeker v. Hamilton Grain Elevator Co.* (1982), 110 Ill. App. 3d 668, 442 N.E.2d 921); for printing of magazines (*Gross Valentino Printing Co. v. Clarke* (1983), 120 Ill. App. 3d 907, 458 N.E.2d 1027); for construction of a million-gallon water tower and tank (*Pittsburgh-Des Moines Steel Co. v. Brookhaven Manor Water Co.* (7th Cir. 1976), 532 F.2d 572); for a grant by a silk-screen graphics manufacturer of an exclusive dealership in its products for the electronic games industry (*WICO Corp. v. Willis Industries* (N.D. Ill. 1983), 567 F. Supp. 352); and for sale of vinyl pellets and technical assistance to a producer of vinyl siding (*Yorke v. B.F. Goodrich Co.* (1985), 130 Ill. App. 3d 220, 474 N.E.2d 20).

The contract analysis in each of the above cases is enlightening for our examination of the instant contract. *Meeker v. Hamilton Grain Elevator Co.* (1982), 110 Ill. App. 3d 668, 442 N.E.2d 921, a case discussed by both parties, presents the facts most similar to those before us. In *Meeker,* the supplier-builder plaintiff sued for the contract purchase price of two grain bins he had supplied and built for the buyer-defendant. The appellate court concluded that the contract was primarily for the sale of goods. To support that conclusion, the court cited evidence that in the contract the defendant was called "purchaser" and the plaintiff was called "seller"; that the seller charged a sales tax on the total value of the contract; and that following the contract's "description of equipment and labor sold" provision was a list of two

Meeker's Deluxe Storage Bins and incidental equipment such as fans, but no mention of labor or installation.

■ While we consider the instant facts to be closer than those in *Meeker*, we find *Meeker* instructive. Here, as in that case, the subject structure was of a type requiring noncreative, formula-like construction. While the object of each of the contracts was erection of one or more structures with design specifications, neither contract required the builder-seller to provide detailed individual designing.

We have no proof here, as the court had in *Meeker*, that the builder charged sales tax on the total value of the contract. However, the instant contact suggests that some sales tax was included in the contract price. Furthermore, the contract was not a standard general construction contract encompassing site preparation and installation of services. (Compare *Boddie v. Litton Unit Handling Systems* (1983), 118 Ill. App. 3d 520, 455 N.E.2d 142.) A consideration of all the facts suggests that the builder here, similarly to the seller in *Meeker*, was primarily in the business of selling a structural product and placing it completed on a buyer's site, not primarily in the business of providing design and construction services. Compare, *Nitrin, Inc. v. Bethlehem Steel Corp.* (1976), 35 Ill. App. 3d 577, 342 N.E.2d 65.

■ In its alternative argument, the buyer correctly observes that the burden of showing that the UCC statute of limitations was dispositive of this case, rested upon the builder. (*C.S. Johnson Co. v. Champaign National Bank* (1984), 126 Ill. App. 3d 508, 467 N.E.2d 363.) However, we find no merit to its argument the contract is ambiguous and will not itself support a finding that the UCC statute of limitations applies.

The contract includes both aspects which would favor a finding that it was primarily for goods (*e.g.*, the builder will not prepare the site or install general building services), and aspects which would favor a finding that it was primarily for services (*e.g.*, use of the label "the Builder"). However, we find no ambiguity in any of the contract language and, thus, no reason why the contract itself is insufficient to support a decision that, as a matter of law, the contract is primarily for goods rather than services. See *Nitrin, Inc. v. Bethlehem Steel Corp.* (1976), 35 Ill. App. 3d 577, 594, 342 N.E.2d 65, 78.

Based on the foregoing, the judgment of the circuit court of Kankakee County is hereby affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.