DON CARRILLO, Indiv. and on behalf of all others similarly situated, Plaintiffs, v. JAM PRODUCTIONS, LTD., *et al.*, Defendants (Jam Productions, Ltd., Third–Party Plaintiff-Appellant; BADK, Inc., *et al.*, Third–Party Defendants-Appellees; Production Associates, Ltd., *et al.*, Third-Party Defendants).

First District (3rd Division)   Nos. 86—1825, 86—2405 cons.

Opinion filed August 3, 1988.

694

Don E. Glickman, James A. Flesch, and Hilda C. Contreras, all of Chicago, for appellant.

Paul E. Lehner and Philip Fertik, both of Chicago, for appellees BADK, Inc., Bob Arum, and Top Rank, Inc.

Richard O'Brien, of Chicago, for appellees Don King and Don King Productions, Inc.

JUSTICE RIZZI delivered the opinion of the court:

Third–party plaintiff-appellant, Jam Productions, Ltd. (Jam), appeals from a judgment of the circuit court of Cook County dismissing its complaint as a result of a section 2—615 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) made by third–party defendants-appellees, BADK, Inc., Bob Arum, Don King, Don King Productions, Inc., and Top Rank, Inc. We reverse and remand.

This litigation stems from an agreement between Jam and BADK to telecast the June 20, 1980, Sugar Ray Leonard/Roberto Duran prizefight (prizefight). During the closed circuit telecast, there was allegedly a problem with the television picture and sound. Soon thereaf-

ter, Don Carrillo, a patron of the closed circuit telecast, filed a suit on behalf of himself and a class he purported to represent. In his two-count complaint against Jam, Carrillo sought (1) to restrain Jam from disposing of the proceeds from the ticket sales to the telecast and (2) a refund of the cost of the tickets.

Jam moved for and was granted a judgment on the pleadings as to Carrillo's count seeking a preliminary injunction. The remaining count was transferred to the law division. This count was ultimately appealed to the Illinois Supreme Court because the trial court had denied class certification. The supreme court held that the class action was not properly raised by Carrillo in the trial court and remanded the case to ascertain whether Carrillo's case could in fact be maintained as a class action. (*Carrillo v. Jam Productions, Ltd.* (1983), 97 Ill. 2d 371, 454 N.E.2d 649.) Carrillo is not a party to this appeal.

In the event that Carrillo might prevail in his suit against Jam, Jam filed third-party claims seeking indemnification from: (1) BADK for alleged breach of its agreement with Jam; (2) Don King, Don King Productions, Bob Arum and Top Rank as BADK's alleged alter egos on the theory of piercing the corporate veil; and (3) Top Rank for failure to procure proper insurance coverage to offset any losses that might arise from Carrillo's suit. Jam also filed a third-party action against National Union Fire Insurance Company (National) seeking a declaration of rights under the insurance policy.

The agreement entered into between Jam and BADK was a television license agreement (Agreement). BADK was formed by Bob Arum and Don King for the purpose of promoting the prizefight. The terms of the Agreement provided that Jam would promote the prizefight in Chicago, and BADK would deliver the video and audio signal of the fight to Jam in return for 55% of the gross ticket receipts. The Agreement further provided that Jam was to procure insurance naming both Jam and BADK as insureds for all refunds that might occur due to any malfunctioning of the transmission of the telecast. Top Rank agreed to purchase, on behalf of Jam, the type of insurance required by the Agreement. Top Rank then supplied Jam with an "Application for Closed Circuit Television Breakdown Insurance" from National, and insurance was thereafter obtained from National by Jam. National has, however, now taken the position that because there was only a partial, rather than a total blackout of the video and audio signal of the prizefight, it does not have to provide liability coverage for the claims made by Carrillo. National is not a party to this appeal.

In the circuit court, the third-party defendants filed section 2—615 motions to dismiss Jam's third-party complaints. To support these motions, they argued that the existence of the insurance provision in the Agreement between Jam and BADK precluded Jam from asserting any right of implied indemnity. The third-party defendants therefore claimed that Jam's complaint does not state a cause of action upon which relief can be granted.

The circuit court granted the third-party defendants' motions to dismiss. On appeal, Jam argues that (1) the Agreement did not manifest any intent by Jam and BADK to eliminate Jam's right to be indemnified for any losses it may suffer as a result of BADK's breach of contract and (2) implicit in the Agreement between Jam and BADK is a duty running from BADK to Jam to indemnify Jam for any damages that Jam incurs as a result of BADK's breach of contract. Thus, Jam concludes that the circuit court erred in dismissing its complaint for failure to state a cause of action.

■ A section 2—615 motion to dismiss a complaint for failure to state a cause of action attacks the legal sufficiency of a complaint rather than the factual sufficiency. The factual allegations in a complaint are important to the extent that they are necessary to state the elements of a claim upon which relief may be granted. (*Claire Associates v. Pontikes* (1986), 151 Ill. App. 3d 116, 123, 502 N.E.2d 1186, 1190-91.) However, at the pleading stage, it is not necessary that a plaintiff prove his case; he need only allege sufficient facts to state all of the elements necessary to constitute his cause of action and inform the defendant of the claim against which he must defend. (*Shugan v. Colonial View Manor* (1982), 107 Ill. App. 3d 458, 462, 437 N.E.2d 731, 735.) Thus, unless it is obvious that no set of facts could be established by a plaintiff that would entitle him to relief, a dismissal with prejudice should not be granted. (*Thomas v. Zamberletti* (1985), 134 Ill. App. 3d 387, 389, 480 N.E.2d 869, 870.) In considering a motion to dismiss, the pleadings are to be liberally construed in favor of the nonmoving party, and if the facts as alleged demonstrate any possibility of recovery, the order of dismissal will be reversed. *Thomas*, 134 Ill. App. 3d at 389, 480 N.E.2d at 870.

■■ In the instant case, we believe that Jam's complaint alleged sufficient facts to state a cause of action for breach of contract. One who breaches a contract is liable for damages that may fairly and reasonably be considered to naturally arise from the breach. (*Sheppard v. Fagan* (1981), 94 Ill. App. 3d 290, 292, 418 N.E.2d 876, 879.) Insofar as it is feasible to do so by a monetary award, the party who is entitled to damages as a result of the breach of contract is entitled to be

placed in the position he would have been in had the contract been performed. (*Crum v. Krol* (1981), 99 Ill. App. 3d 651, 663, 425 N.E.2d 1081, 1089.) It follows that where one party's breach of contract causes a second party to breach a separate contract with a third party, the breaching party is liable for the second party's liability to the third party. Although the effect of allowing such a recovery amounts to an indemnification that is not contractually expressed, it is a recovery based upon an implied contractual indemnification, and not upon an implied indemnity based upon a tort. *Cf. Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 35, 495 N.E.2d 496, 501 (holding that implied indemnity is no longer a viable doctrine for shifting the cost of tortuous conduct from one tortfeasor to another tortfeasor).

BADK argues that it is not liable to Jam for implied contractual indemnity because of the provision in the Agreement that Jam was to procure insurance for any liability that might be incurred. The pertinent provision in the Agreement provides:

"7. Insurance

\* \* \*

(b) Within two (2) weeks from the date hereof, you will obtain and furnish us, at your sole expense, with a certificate of an insurance policy as hereinafter defined, and you will maintain such policy in effect so long as the risk insured against shall continue. Said policy shall provide for direct payment to us as an additional named insured for reduction in our share of gross receipts, as herein defined, caused by refunds, made by you to persons purchasing tickets if the return of tickets for refund directly results from necessary interruption of your business at any outlet caused by breakdowns, failure or malfunctioning of any origination, transmission, reception and/or projection equipment, lines and/or appurtenances thereto which prevents you from exhibiting at an outlet, in whole or in part, the telecast of the event. The form of policy shall be approved by us, and shall be in the form of the specimen attached, unless otherwise agreed by us in writing. To facilitate the foregoing, we shall arrange with an insurance broker or agent selected by us to have an application for a standard form of policy forwarded directly to you, and the execution of an appropriate application, and the issuance of such policy, continued in effect as above provided, shall constitute compliance by you with the provisions of this paragraph. You shall have the right, however, to arrange for other insurance for the purposes specified in this paragraph with any other insurance agent, broker, or company selected by

you, but in such event, the form and provisions of the policy shall be submitted to us for our approval ***."

Unless a contract is ambiguous, its meaning must be determined from the words used and courts will not read into the contract provisions that do not exist therein. (*Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.* (1946), 395 Ill. 429, 432, 70 N.E.2d 604, 606.) Here, the insurance clause in the Agreement provides with particularity the means by which Jam is to obtain insurance, the specific losses that the insurance is to cover, the specific mechanisms by which Jam is to obtain insurance, the approval necessary by BADK of the insurance obtained, and BADK's involvement in the selection of the insurance company. However, conspicuous by its absence is a statement that the act of Jam's obtaining an insurance policy precludes BADK from being liable to Jam for breaching the agreement. Specifically, Jam's obligation to obtain insurance was contractual, and nothing appears in the contract which demonstrates that both parties intended that the obtaining of insurance relieved BADK of all liability to indemnify Jam for its losses in the event of a technical breakdown.

We cannot read into the contract a provision barring Jam from seeking implied contractual indemnity from BADK if BADK breached the contract, when such a provision does not exist in the contract. Thus, based upon our review of the record, we believe that Jam has alleged facts sufficient to state a cause of action against BADK. We therefore conclude that the trial court erred in dismissing Jam's third-party complaint.

Accordingly, the orders from which this appeal is taken are reversed and this case is remanded for further proceedings in accordance with what is stated herein.

Reversed and remanded.

WHITE, P.J., and FREEMAN, J., concur.