MARK ZIELINSKI *et al.*, Plaintiffs, v. HARRY MILLER, JR., d/b/a Harry Miller, Jr., and Sons Builders, Defendant and Third-Party Plaintiff-Appellant (Chris W. Knapp and Sons, Inc., *et al.*, Third-Party Defendants-Appellees).

Third District    No. 3—94—0782

Opinion filed December 29, 1995.—Modified on denial of rehearing February 16, 1996.

Quinn, Johnston, Henderson & Pretorius, of Peoria (John P. Fleming, of counsel), for appellant.

Cassidy & Mueller, of Peoria (David B. Mueller, of counsel), for appellee Chris W. Knapp & Sons, Inc.

John W. Howard and Brent A. Walters, both of Hinshaw & Culbertson, of Peoria (David E. Jones, of counsel), for appellee Peoria Brick and Tile Company.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

The plaintiffs, Mark and Marsha Zielinski, brought an action for breach of contract against defendant/third-party plaintiff-appellant Harry Miller, Jr., d/b/a Harry Miller, Jr., & Sons Builders. Miller was the general contractor for the construction of the Zielinskis' single-family home. Miller, in turn, brought an action against third-party defendants-appellees Chris W. Knapp & Sons, Inc., the masonry subcontractor on the project, and Peoria Brick & Tile Company, the supplier of bricks used on the exterior of the home. The circuit court

granted the third-party defendants' motions to dismiss. Miller appeals. We affirm in part and reverse in part.

In 1988, the Zielinskis and Miller entered into a written agreement for the construction of a home. Under the terms of the agreement, the home's exterior was to be constructed of used red and orange bricks. Peoria Brick supplied the bricks and Knapp performed the masonry work on the home.

During the summer of 1992, the Zielinskis noticed the orange bricks were flaking, cracking and disintegrating. It was subsequently determined that the orange bricks were for interior use only. The Zielinskis brought suit against Miller in two counts, alleging breach of the implied warranty of habitability and breach of the implied warranty of reasonable workmanship and materials.

Miller then filed a third-party complaint against Knapp and Peoria Brick seeking indemnification for any damages resulting from the Zielinski action. In count I of his amended third-party complaint, Miller alleged that Knapp had orally agreed to provide all the masonry work on the Zielinskis' home. Miller maintained that Knapp had agreed to provide all masonry expertise with respect to the construction of the residence, including the choice of the appropriateness of the bricks and mortar to withstand the weather and elements on an exterior brick facade. Miller alleged further that all the wrongful acts alleged by the Zielinskis were solely attributable to the actions of Knapp. Miller maintained that Knapp was acting as his agent or independent contractor. Miller claimed that if he was found liable to the Zielinskis, then he was entitled to indemnity from Knapp under an implied contract of indemnity arising from their principle-agency relationship.

Count II alleged a breach of an oral contract by Knapp as the basis for indemnification. Count III asserted that Miller was entitled to indemnity because of Knapp's breach of the implied warranty of reasonable workmanship and materials.

Counts IV and V alleged that Miller was entitled to indemnification from Peoria Brick based upon an implied contract of indemnity and breach of oral contract, respectively.

Knapp and Peoria Brick each filed a motion to dismiss pursuant to sections 2—615 (735 ILCS 5/2—615 (West 1992)) and 2—619(5) (735 ILCS 5/2—619(5) (West 1992)) of the Code of Civil Procedure. Knapp's motion claimed that counts I through III failed to state a cause of action and, alternatively, that if an action was properly stated, it was time-barred under section 2—725 of the Uniform Commercial Code (810 ILCS 5/2—725 (West 1992)). Peoria Brick's motion made the same arguments with respect to counts IV and V. The

circuit court granted both motions with prejudice, but did not state the basis for its decision.

In reviewing the dismissal of actions pursuant to sections 2—615 and 2—619, the reviewing court must take all facts properly pleaded as true. (See *Milder v. Van Alstine* (1992), 230 Ill. App. 3d 869, 595 N.E.2d 693 (section 2—615); *Estate of Herington v. County of Woodford* (1993), 250 Ill. App. 3d 870, 620 N.E.2d 463 (section 2—619).) In reviewing the propriety of a dismissal for failure to state a cause of action, we must determine whether the complaint alleges sufficient facts to establish a cause of action upon which relief may be granted. (*Faulkner v. Gilmore* (1993), 251 Ill. App. 3d 34, 621 N.E.2d 908.) On review of the grant of a motion to dismiss under section 2—619, we must review the law and the facts, and we may reverse if the trial court erred regarding the law or ruled against the manifest weight of the evidence. (See *In re Estate of Silverman* (1993), 257 Ill. App. 3d 162, 628 N.E.2d 763.) Where the trial court does not specify the grounds upon which it relied in allowing a motion to dismiss, we must presume that it was upon one of the grounds properly presented. *Smith v. Board of Education of East St. Louis School District No. 189* (1977), 52 Ill. App. 3d 647, 367 N.E.2d 296.

■ We will address first whether the implied indemnity counts of Miller's amended third-party complaint (counts I and IV) state a cause of action upon which relief may be granted.

It is clear from Miller's arguments on appeal that counts I and IV seek to impose implied tort indemnity upon Knapp and Peoria Brick based upon the theory that Miller is being held vicariously liable for the wrongdoing of Knapp and Peoria Brick. Implied tort indemnity is a common law doctrine that shifts the entire responsibility for tort-related losses from a blameless tortfeasor to a truly culpable one. (See *Smith v. Clark Equipment Co.* (1985), 136 Ill. App. 3d 800, 483 N.E.2d 1006.) Although the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 *et seq.* (West 1992)) has abolished implied tort indemnity in most instances, the doctrine remains intact in the context of quasi-contractual relationships involving vicarious liability. See *American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center* (1992), 154 Ill. 2d 347, 609 N.E.2d 285.

The doctrine of implied tort indemnity has no application to the case at bar. The Zielinskis' complaint seeks damages for Miller's alleged failure to perform its obligations under the parties' written contract. Since the underlying complaint thus sounds in contract, not in tort, there would be no occasion in this case to shift losses from one tortfeasor to another. Therefore, counts I and IV were properly dismissed.

We will next address whether the trial court was correct to dismiss the contract-based counts directed against Knapp (counts II and III).

Counts II and III seek relief based upon the same theory. Both allege the existence of an oral contract between Miller and Knapp whereby Knapp agreed to supply masonry materials and labor for the construction of the Zielinskis' house. Count II alleges that Knapp breached the contract by using unreasonably poor workmanship and defective materials. Count III alleges that the same conduct constituted a breach of the contract's implied warranty of reasonable workmanship and materials. Miller does not allege that the oral contract included an express provision through which Knapp agreed to supply reasonable workmanship and acceptable materials. Therefore, both counts seek recovery based upon the contract's implied warranties. Since count III best states this ground for recovery, we will consider the merits of that count and affirm the trial court's dismissal of the redundant count II.

■ One who contracts to perform construction work impliedly warrants to do the work in a reasonably workmanlike manner. (*Dean v. Rutherford* (1977), 49 Ill. App. 3d 768, 364 N.E.2d 625.) Failure to do so is a breach of contract. (*Vicorp Restaurants v. Corinco Insulating Co.* (1991), 222 Ill. App. 3d 518, 584 N.E.2d 229.) Under the doctrine of implied contractual indemnity, where one party's breach of contract causes a second party to breach a separate contract with a third party, the second party may shift its contractual liability to the first party. (*Carrillo v. Jam Productions, Ltd.* (1988), 173 Ill. App. 3d 693, 527 N.E.2d 964.) Indemnity is justified in such instances because a party who breaches a contract can be held liable for damages which naturally arise from the breach, provided that such damages were reasonably within the contemplation of the parties as a probable result of the breach. *Case Prestressing Corp. v. Chicago College of Osteopathic Medicine* (1983), 118 Ill. App. 3d 782, 455 N.E.2d 811.

It is reasonable to conclude from the facts alleged in count III that Knapp should have known that its breach would render Miller liable on his contract with the Zielinskis. Therefore, if Miller is held liable to the Zielinskis, and if Miller proves the allegations in count III, then Miller will be able to shift his liability to Knapp under the doctrine of implied contractual indemnity.

Knapp contends that count III alleges a contract for the sale of goods and is therefore time-barred under section 2—725 of the Uniform Commercial Code. (See 810 ILCS 5/2—725 (West 1992).) We disagree.

■ The provisions of article 2 of the Uniform Commercial Code

apply only to transactions in goods. (See 810 ILCS 5/2—102 (West 1992); *Respect, Inc. v. Committee on the Status of Women* (N.D. Ill. 1992), 781 F. Supp. 1358.) Where a contract mixes the sale of goods with the rendition of services, the contract is covered under article 2 only if it is predominantly for goods with services being incidental, rather than predominantly for services with goods being incidental. *Bob Neiner Farms, Inc. v. Hendrix* (1986), 141 Ill. App. 3d 499, 490 N.E.2d 257.

■ A fair reading of the contract alleged in count III indicates that Knapp agreed to perform all masonry work on the house, including the provision of the bricks necessary to complete the task. We find that masonry subcontracts of this sort are not primarily contracts for the sale of goods. (*Cf. J&R Electric Division of J.O. Mory Stores, Inc. v. Skoog Construction Co.* (1976), 38 Ill. App. 3d 747, 348 N.E.2d 474 (subcontract for the provision and installation of electrical switchgear for a construction project held not to be a contract for the sale of goods).) Therefore, the limitations provision set forth in section 2—725 of the Uniform Commercial Code is inapplicable to count III.

■ Actions against persons involved in construction-related activities are governed under section 13—214 of the Code of Civil Procedure. (735 ILCS 5/13—214 (West 1992); *Bradley v. Alpine Construction Co.* (1991), 224 Ill. App. 3d 432, 586 N.E.2d 653.) Under section 13—214, a plaintiff must commence an action within four years from the time when the plaintiff knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused. 735 ILCS 5/13—214 (West 1992).

Count III was clearly filed within section 13—214's limitations period. The Zielinskis alleged that they became aware of the flaking and disintegrating bricks in the summer of 1992, and there is nothing in the record to suggest that they should have been aware of the problem anytime before then. Count III was filed within four years from the summer of 1992 and was therefore timely filed.

■ The final question for review is whether the trial court properly dismissed count V directed against Peoria Brick.

We read count V to allege the breach of implied warranties, much like count III directed against Knapp. Therefore, count V states a cause of action against Peoria Brick for the same reasons we cited with respect to count III. We must thus determine which statute of limitations applies to count V and whether the applicable period has run.

Miller and Peoria Brick raise four possible statutes of limitations that might apply to count V. According to Miller, the claim is subject

to either section 13—204 (735 ILCS 5/13—204 (West 1994)), section 13—205 (735 ILCS 5/13—205 (West 1992)), or section 13—214 (735 ILCS 5/13—214 (West 1992)) of the Code of Civil Procedure. Peoria Brick maintains that count V is governed by section 2—725 of the Uniform Commercial Code (UCC) (810 ILCS 5/2—725 (West 1992)).

Section 13—205 of the Code of Civil Procedure provides:

"Except as provided in Section 2—725 of the 'Uniform Commercial Code' *** actions on unwritten contracts *** and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." (735 ILCS 5/13—205 (West 1992).)

To determine whether this provision applies to count V, we must first consider whether count V is an action on an unwritten contract or a "civil action not otherwise provided for." If count V is an action on an unwritten contract, we must assess further whether it alleges a contract for the sale of goods. If it does, then it would be governed by section 2—725 of the UCC rather than section 13—205, as indicated by section 13—205's plain language. But if count V does not allege a sales contract, we must then consider whether it alleges a construction-related contract, in which case it would be subject to section 13—214 rather than section 13—205.

In count V, Miller alleges that Peoria Brick breached implied warranties that arose from an oral contract. The count seeks as its measure of damages the amount for which Miller will be liable if he is found to have breached his contract with the Zielinskis. Count V is thus an action for implied contractual indemnity, which arises from an alleged breach of an oral contract. Accordingly, count V must be treated as an action on an unwritten contract.[1]

We must now consider whether count V alleges a contract for the sale of goods, which would place the claim within the provisions of the UCC. As we have previously stated, a contract that mixes the sale of goods with the rendition of services is covered by article 2 of the UCC if the dominant purpose of the contract is to provide goods. See *Bob Neiner Farms, Inc. v. Hendrix* (1986), 141 Ill. App. 3d 499, 490 N.E.2d 257.

The contract alleged in count V required Peoria Brick to supply bricks for the Zielinskis' house, as well as to provide information

---

[1]Miller contends that section 13—205 applies to third-party actions seeking implied indemnity, citing *Maxfield v. Simmons* (1983), 96 Ill. 2d 81, 449 N.E.2d 110, and *Anixter Brothers, Inc. v. Central Steel & Wire Co.* (1984), 123 Ill. App. 3d 947, 463 N.E.2d 913. These cases, however, involve actions for implied tort indemnity, not implied contractual indemnity. Therefore, they are not applicable to the issue before us.

regarding the selection of appropriate bricks. The dominant purpose of this contract was clearly the supply of bricks, rather than the rendition of services. The contract is thus a contract for the sale of goods governed under the UCC. Consequently, count V is subject to the limitations period set forth in section 2—725 of the UCC.

Miller argues, however, that if count V was once subject to section 2—725, it is now governed under section 13—204 of the Code of Civil Procedure. That section, which became effective January 1, 1995, provides in part that no action for indemnity may be brought more than two years after the party seeking indemnity has been served with process in the underlying action. (735 ILCS 5/13—204(b) (West 1994).) Section 13—204 preempts all other statutes of limitations as to indemnity actions. (735 ILCS 5/13—204(c) (West 1994).) It also states, however, that its provisions "shall not operate to affect statutory limitations or repose rights of any party which have fully vested prior to its effective date." 735 ILCS 5/13—204(d) (West 1994).

Assuming that an action for breach of contract based upon implied contractual indemnity is an "action for indemnity," section 13—204 nonetheless does not apply to count V. This is because section 2—725's limitations period ran before section 13—204 became effective.

Section 2—725 provides that actions for breach of contracts covered under article 2 must be commenced within four years after the cause of action has accrued. (810 ILCS 5/2—725(1) (West 1992).) A cause of action accrues when the breach occurs, regardless of when the aggrieved party learns of the breach. (810 ILCS 5/2—725(2) (West 1992).) A breach of warranty occurs when the tender of delivery is made. 810 ILCS 5/2—725(2) (West 1992).

In this case, the record indicates that the bricks were delivered to the jobsite in September 1988. Section 2—725's limitations period began to run from that time and expired in September 1992, before the Zielinskis' underlying complaint and Miller's third-party complaint were filed. In September 1992, then, Peoria Brick acquired a vested right to rely upon section 2—725's limitations period. Section 13—204 cannot retroactively deprive Peoria Brick of that vested right.

In sum, we find that count V is an action for breach of a contract for the sale of goods. As such, it is subject to section 2—725 of the UCC. As applied to count V, section 2—725's limitations period expired in September 1992, at which time Peoria Brick could no longer be held answerable for the relief sought in count V. Finally, section 13—204 cannot apply retroactively to deprive Peoria Brick of its right to rely on the passing of section 2—725's limitations period. For

these reasons, count V was time-barred under section 2—725, and the trial court was correct to dismiss that count.

Based upon the foregoing, we affirm the judgment of the circuit court of Peoria County with respect to its dismissal of all the counts in Miller's third-party complaint except count III. The cause is remanded for further proceedings with respect to count III.

Affirmed in part; reversed in part, and remanded.

HOLDRIDGE and SLATER, JJ., concur.